# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODOLFO MOTA | § | |
| | § | |
| v. | § | |
| | § | C.A. 2:15-cv-00310 |
| LUIS BARRALES AVALOS, EJ | § | |
| DISTRIBUTION CORP. D/B/A EJ | § | |
| TRANSPORT, SOUTH BAY | § | |
| TRANSPORTATION, INC., AND AIG | § | |
| PROPERTY CASUALTY COMPANY | § | |

## EXHIBIT A - INDEX OF MATTERS FILED

1. ALL PROCESS (EXHIBIT "A")

    A-1   Citation to Luis Raul Barrales-Avalos
    A-2   Citation to South Bay Transportation, Inc.
    A-3   Citation to EJ Distribution, Corp. d/b/a EJ Transport
    A-4   Citation to AIG Property Casualty Company

2. PLEADINGS THAT ASSERT CAUSES OF ACTION AND ALL ANSWERS TO
   SUCH PLEADINGS (EXHIBIT "A")

    A-5   *Plaintiff's Original Petition (with Civil Case Information Sheet)*

3. ORDERS SIGNED BY STATE JUDGE ("Exhibit A")

    None

4. DOCKET SHEET (EXHIBIT "A")

    A-6   Civil docket sheet

5. LIST OF ALL COUNSEL OF RECORD (EXHIBIT "A")

    A-7   *List of All Counsel of Record*

60499:20162524

361-668-5732                                                    09:11:08 a.m.    07-22-2015         23 /26

# ORIGINAL

| CITATION – Personal Service |
|---|

THE STATE OF TEXAS                                              COUNTY OF JIM WELLS

CAUSE NO. 15-05-54657-CV

TO: LUIS BARRALES AVALOS, BY SERVING THE AGENT OF SERVICE, TYRON LEWIS, CHAIR, TEXAS TRANSPORTATION COMMISSION, 125 E. 11th ST., AUSTIN, TX 78701. THE TEXAS TRANSPORTATION COMMISSION WILL FORWARD copy by REGISTERED OR CERTIFIED MAIL TO LUIS BARRALES AVALOS, 1265 E. 87th STREET, LOS ANGELES, CALIFORNIA 90002

(or wherever he/she may be found) Notice to DEFENDANT    : You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation and petition, a default judgment may be taken against you.

| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
|---|---|
| Cause No.: | 15-05-54657-CV |
| Date of Filing: | 05/29/2015 |
| Document: | PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE |
| Parties in Suit: | RODOLFO MOTA VS. LUIS BARRALES AVALOS, EJ DISTRIBUTION CORP. D/B/A EJ TRANSPORT, SOUTH BAY TRANSPORTATION, INC., AIG PROPERTY CASUALTY COMPANY |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | JASON F. DESOUZA, ATTNY, 3201 CHERRY RIDGE, BLDG. A, STE 109, SAN ANTONIO, TX 78230 |

Issued under my hand and seal of this said court on this the 3__ day of JUNE____, 20 15.

R, David Guerrero, District Clerk
Jim Wells County, Texas

BY: _Juana P. Ramirez_____, Deputy

## Service Return

Came to hand on the _____ day of _____, 20__, at ____m. and executed on the _____ day of _____, 20__, at _____ M by delivering to the within named _____ in person a true copy of this citation, with attached copy(ies) of the _____at _____.

[ ] Not executed. The diligence use in finding DEFENDANT    being _____

[ ] Information received as to the whereabouts of DEFENDANT    being_____

| Service Fee: $ | Sheriff/Constable |
|---|---|
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

## VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of_____, 20__.

_____Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

EXHIBIT
A-1

POSTED

RECEIVED TIME   JUL. 22.   9:09AM

361-668-5732            09:11:43 a.m.    07-22-2015    25 /26

# ORIGINAL

## CITATION – Personal Service

THE STATE OF TEXAS                 COUNTY OF JIM WELLS

CAUSE NO. 15-05-54657-CV

TO: SOUTH BAY TRANSPORTATION, INC., BY SERVING ITS AGENT OF SERVICE, CARLOS CASCOS, SECRETARY OF STATE, JAMES E. RUDDER BLDG., 1019 BRAZOS, ST., AUSTIN, TX 78701. THE TEXAS SECRETARY OF STATE WILL FORWARD BY REGISTERED OR CERTIFIED MAIL TO SOUTH BAY TRANSPORTATION, INC., 877 S. HILLWARD AVE., WEST COVINA, CALIFORNIA 91791 a copy of citation.

(or wherever he/she may be found) Notice to DEFENDANT    : You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
|---|---|
| Cause No.: | 15-05-54657-CV |
| Date of Filing: | 05/29/2015 |
| Document: | PLANTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE |
| Parties in Suit: | RODOLFO MOTA VS. LUIS BARRALES AVALOS, EJ DISTRIBUTION CORP. D/B/A EJ TRANSPORT, SOUTH BAY TRANSPORTATION, INC., AIG PROPERTY CASUALTY COMPANY |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | JASON F. DESOUZA, ATTNY, 3201 CHERRY RIDGE, BLDG. A, STE 109, SAN ANTONIO, TX 78230 |

Issued under my hand and seal of this said court on this the 3 day of JUNE , 20 15 .

R, David Guerrero, District Clerk
Jim Wells County, Texas

BY: _Juana P. Ramirez_ , Deputy

## Service Return

Came to hand on the _____ day of _____, 20____, at _____ m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____
_____ in person a true copy of this citation, with attached copy(ies) of the _____ at

[ ] Not executed. The diligence use in finding DEFENDANT   being _____

[ ] Information received as to the whereabouts of DEFENDANT   being _____

| Service Fee: $ | Sheriff/Constable |
|---|---|
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

## VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20___.

_____ Notary Public

** Service by Rule 106 TRC if directed by attached court order



**EXHIBIT A-2**

**POSTED**

RECEIVED TIME   JUL. 22.   9:09AM

361-668-5732                                    09:11:25 a.m.    07-22-2015        24 /26

ORIGINAL                  **CITATION — Personal Service**

THE STATE OF TEXAS                                          COUNTY OF JIM WELLS
                          CAUSE NO. _15-05-54657-CV_

TO: EJ DISTRIBUTION CORP. D/B/A EJ TRANSPORT, BY SERVING ITS AGENT OF SERVICE, CARLOS CASCOS, SECRETARY OF
    STATE, JAMES E. RUDDER BLDG., 1019 BRAZOS, ST., AUSTIN, TX 78701. THE TEXAS SECRETARY OF STATE WILL FORWARD COPY
    BY REGISTERED OR CERTIFIED MAIL TO EJ DISTRIBUTION CORP. D/B/A EJ TRANSPORT, 21119 S. WILMINGTON AVE.,
    LONG BEACH, CA  90810
(or wherever he/she may be found) Notice to DEFENDANT    : You have been sued. You may employ an attorney. If
you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first
Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.

| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
|---|---|
| Cause No.: | 15-05-54657-CV |
| Date of Filing: | 05/29/2015 |
| Document: | PLANTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE |
| Parties in Suit: | RODOLFO MOTA VS. LUIS BARRALES AVALOS, EJ DISTRIBUTION CORP. D/B/A EJ TRANSPORT, SOUTH BAY TRANSPORTATION, INC., AIG PROPERTY CASUALTY COMPANY |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | JASON F. DESOUZA, ATTNY, 3201 CHERRY RIDGE, BLDG. A, STE 109, SAN ANTONIO, TX 78230 |

Issued under my hand and seal of this said court on this the 3__ day of JUNE____, 20 15__.
                                              R, David Guerrero, District Clerk
                                              Jim Wells County, Texas

                    BY: _Juana P. Ramirez_____, Deputy

─────────────────────────────────────────────────────────────────────────
                              **Service Return**
Came to hand on the _____ day of _____, 20___, at _____m., and executed on the
_____ day of _____, 20___, at _____ M by delivering to the within named
_____
_____ in person  a true copy of this citation, with attached copy(ies) of
the _____at
_____.

[ ] Not executed. The diligence use in finding DEFENDANT    being _____
_____

[ ] Information received as to the whereabouts of  DEFENDANT    being_____
_____

| | |
|---|---|
| Service Fee: $ | Sheriff/Constable |
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

                              VERIFICATION
        On this day personally appeared _____ known to me to be the person whose name is
subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me
in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the
outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.
        Subscribed and sworn to before me on this the _____ day of _____, 20__.

                                              _____Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

┌─────────────┐
│  EXHIBIT    │
│   A-3       │
└─────────────┘

POSTED

361—668—5732                                    09:12:01 a.m.    07-22-2015          26 /26

## CITATION — Personal Service

ORIGINAL
THE STATE OF TEXAS                                          COUNTY OF JIM WELLS

CAUSE NO. 15-05-54657-CV

TO: AIG PROPERTY CASUALTY COMPANY ("AIG"), BY SERVING THE TEXAS ATTORNEY, CORPORATION SERVICE COMPANY, 211 E.
7th ST., SUITE 620, AUSTIN, TX 78701-3218

(or wherever he/she may be found) Notice to DEFENDANT        : You have been sued. You may employ an attorney. If
you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first
Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.

| | |
|---|---|
| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
| Cause No.: | 15-05-54657-CV |
| Date of Filing: | 05/29/2015 |
| Document: | PLANTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE |
| Parties in Suit: | RODOLFO MOTA VS. LUIS BARRALES AVALOS, EJ DISTRIBUTION CORP. D/B/A EJ TRANSPORT, SOUTH BAY TRANSPORTATION, INC., AIG PROPERTY CASUALTY COMPANY |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | JASON F. DESOUZA, ATTNY, 3201 CHERRY RIDGE, BLDG. A, STE 109, SAN ANTONIO, TX 78230 |

Issued under my hand and seal of this said court on this the 3 day of JUNE , 20 15 .

R, David Guerrero, District Clerk
Jim Wells County, Texas

BY: _Juana P. Ramirez_ , Deputy

### Service Return

Came to hand on the _____ day of _____, 20___, at _____m., and executed on the
_____ day of _____, 20___, at _____ M by delivering to the within named
_____
_____ in person  a true copy of this citation, with attached copy(ies) of
the _____ at

[ ] Not executed. The diligence use in finding DEFENDANT       being _____
_____

[ ] Information received as to the whereabouts of  DEFENDANT     being_____
_____

| | |
|---|---|
| Service Fee: $ | Sheriff/Constable |
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is
subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me
in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the
outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.
Subscribed and sworn to before me on this the _____ day of_____, 20___.

_____Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

EXHIBIT
A-4

POSTED

RECEIVED TIME   JUL. 22.   9:09AM

Filed 5/29/2015 11:22:11 AM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Sandra Garcia, Deputy

CAUSE NO. _____    15-05-54657-CV

| | | |
|---|---|---|
| **RODOLFO MOTA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v** | § | |
| | § | |
| | § | **79TH JUDICIAL DISTRICT** |
| **LUIS BARRALES AVALOS, EJ** | § | |
| **DISTRIBUTION CORP. D/B/A EJ** | § | |
| **TRANSPORT, SOUTH BAY** | § | |
| **TRANSPORTATION, INC., AIG** | § | |
| **PROPERTY CASUALTY COMPANY** | § | **JIM WELLS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **Rodolfo Mota,** hereinafter referred to by name or as Plaintiff, and complains of **Luis Barrales Avalos, EJ Distribution Corp. D/B/A EJ Transport ("EJ Transport"), South Bay Transportation, Inc., and AIG** Property Casualty Company hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.

### PARTIES

2.1    Plaintiff **Rodolfo Mota** is an individual residing in Nueces County, Texas.

2.2    Defendant, **Luis Barrales Avalos,** is an individual whose last known address is **1265 E. 87TH STREET, LOS ANGELES, CALIFORNIA, 90002.** Pursuant to TEXAS CIV. PRAC. & REM.


EXHIBIT
A-5

361-668-5732                                                          09:08:11 a.m.    07-22-2015         9/26

CODE CHAP. 17.061, *et seq.*, Subchapter D, service of process may be obtained on Defendant by serving two (2) copies of this pleading and the citation, issued in the name of the Defendant, **Luis Barrales Avalos,** with the Chair of the Texas Transportation Commission listed as the Agent of Service:

> Tryon Lewis, Chair
> Texas Transportation Commission
> 125 E. 11TH St.
> Austin, TX 78701-2483

Upon receipt, the Texas Transportation Commission shall forward a copy of the process to the nonresident motorist by Registered or Certified Mail to:

> **Luis Barrales Avalos**
> **1265 E. 87TH St.**
> **Los Angeles, CA 90002**

Plaintiff requests that Citation be issued, and service will be effected via PRIVATE PROCESS.

**2.3**     Defendant **EJ Distribution Corp. D/B/A EJ Transport,** is a foreign corporation organized and existing under the laws of the State of California, whose home office is located at **21119 S. WILMINGTON AVE., LONG BEACH, CALIFORNIA, 90810,** and is transacting business within the State of Texas, per TEXAS CIV. PRAC. & REM. CODE §17.042(2).  Pursuant to TEX. CIV. PRAC. & REM. CODE CHAP. 17.044, *et seq.*, subsection (b), service of process may be obtained on Defendant by serving two (2) copies of this pleading and the citation, issued in the name of the Defendant, **EJ Distribution Corp. D/B/A EJ Transport,** with the Texas Secretary of State listed as the Agent of Service:

> Carlos Cascos, Secretary of State
> James E. Rudder Building
> 1019 Brazos St.
> Austin, TX 78701

Upon receipt, the Texas Secretary of State shall forward a copy of the process to the nonresident,

RECEIVED TIME  JUL. 22.  9:09AM

foreign corporation by Registered or Certified Mail to:

> EJ Distribution Corp. D/B/A EJ Transport
> 21119 S. Wilmington Ave.
> Long Beach, CA 90810

Plaintiff requests that Citation be issued, and service will be effected via PRIVATE PROCESS.

**2.4**     Defendant **South Bay Transportation, Inc.,** is a foreign corporation organized and existing under the laws of the State of California, whose home office is located at **877 S. Hillward Ave., West Covina, California 91791,** and is transacting business within the State of Texas, per TEXAS CIV. PRAC. & REM. CODE §17.042(2).  Pursuant to TEXAS CIV. PRAC. & REM. CODE CHAP. 17.044, *et seq.,* subsection (b), service of process may be obtained on Defendant by serving two (2) copies of this pleading and the citation, issued in the name of the Defendant, **South Bay Transportation, Inc.,** with the Texas Secretary of State listed as the Agent of Service:

> Carlos Cascos, Secretary of State
> James E. Rudder Building
> 1019 Brazos St.
> Austin, TX 78701

Upon receipt, the Texas Secretary of State shall forward a copy of the process to the nonresident, foreign corporation by Registered or Certified Mail to:

> South Bay Transportation, Inc.
> 877 S. Hillward Ave.
> West Covina, CA 91791

**2.5**     Defendant **AIG Property Casualty Company** ("AIG") is a property and casualty insurer, licensed to underwrite insurance policies in Texas.  Service of process may be obtained on Defendant by serving their Texas Attorney for Service:

> Corporation Service Company
> 211 E. 7TH St., Suite 620
> Austin, TX 78701-3218

## III.

## SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION AND VENUE

3.1   Subject matter jurisdiction is proper in this Court because the amount in controversy is within the jurisdictional limits of the court in which Plaintiff now sues.

3.2   This Court has personal jurisdiction over Defendants, **Luis Barrales Avalos, EJ Distribution Corp. D/B/A EJ Transport, South Bay Transportation, Inc.,** and **AIG Property Casualty Company** as these Defendants do business in the State of Texas, per TEXAS CIV. PRAC. & REM. CODE §17.042(2).

3.3   In addition, **AIG Property Casualty Company**, as pertaining to this cause of action, is classified as a "Domestic Company that maintains Principal Offices or Books, Records, and Accounts Out of State," per TEXAS INS. CODE §§ 803.001, 804.102, and 804.103.

3.4   At all times relevant to these causes of action, **South Bay Transportation, Inc.** had continuing and systematic contacts within the State of Texas by delivering its products into the stream of commerce with the expectation that they would reach and be used in this state. It had minimum contacts with the State of Texas and was doing business in this state. The causes of action set out herein arise from such contacts.

3.5   At all times relevant to these causes of action, **EJ Transport** had continuing and systematic contacts within the State of Texas by delivering its products into the stream of commerce with the expectation that they would reach and be used in this state. It had minimum contacts with the State of Texas and was doing business in this state. The causes of action set out herein arise from such contacts.

3.6   At all times relevant to these causes of action, **Luis Barrales Avalos**, was in the course and scope of his employment with **South Bay Transportation, Inc.** and **EJ Transport.**

RECEIVED TIME   JUL. 22.   9:09AM

**3.7**     Venue is proper in Jim Wells County, Texas, in this matter per TEXAS CIV. PRAC. & REM. CODE §15.032 as Draco Oilfield Services, LLC, ("Draco"), was a policyholder of **AIG Property Casualty Company's** on February 2, 2015, the date of the subject incident.  Draco's headquarters and principal place of business is located in Alice, Jim Wells County, Texas.

> "Suit against fire, marine, or inland insurance companies may also be commenced in any county in which the insured property was situated. A suit on a policy may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health, and accident insurance company in the county in which the company's principal office in this state is located or in the county in which the loss has occurred or in which the policyholder or beneficiary instituting the suit resided at the time the cause of action accrued." *Id.*

**3.8**     Further, venue is appropriate in Jim Wells County, Texas, in this matter per TEXAS INS. CODE § 1952.110(1):

> "Notwithstanding Section 15.032, CIVIL PRACTICE & REMEDIES CODE, an action against an insurer in relation to the coverage provided under this subchapter, including an action to enforce that coverage, may be brought only in the county in which:
> **(1) the policyholder or beneficiary instituting the action resided at the time of the accident involving the uninsured or underinsured motor vehicle;**" *Id.*

**3.9**     Pursuant to TEXAS R. OF CIV. P. 47(C)(5), Plaintiff has suffered damages in excess of $1,000,000.

## IV.

## FACTS

**4.1**     On or about February 2, 2015, Plaintiff **Rodolfo (Rudy) Mota** was traveling southbound on US Hwy 83, near the intersection of FM 133, when Defendant **Luis Barrales Avalos**, who was operating a commercial 18-wheeler while in the course and scope of his employment with

Defendants **South Bay Transportation, Inc.** and **EJ Transport**, suddenly, violently, and without warning struck the rear of **Mota's** vehicle at a high rate of speed, causing Plaintiff to sustain injury to his head, neck, back, knees, and body, and be transported to the hospital via EMS, as more fully set forth below.

**4.2**     **AIG Property Casualty Company** is the under-insured motorist (UIM) carrier of **Mota's** employer, Draco Oilfield Services, LLC, whose principal place of business at the time of this incident was located in Alice, Jim Wells County, Texas.

**V.**

**CAUSES OF ACTION**

**A.**     **NEGLIGENCE/ NEGLIGENCE PER SE**

**5.1**     The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.   The adverse Defendant driver **Luis Barrales Avalos** operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of his commercial motor vehicle in one or more of the following respects:

> a.     in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;
>
> b.     in failing to timely apply the brakes of his vehicle in order to avoid the collision in question;
>
> c.     in failing to turn his vehicle in an effort to avoid the collision in question;
>
> d.     in failing to blow his horn to warn of imminent collision;
>
> e.     in stopping his vehicle short while turning;
>
> f.     in failing to pay proper attention while driving;

> g.      in following too closely, in violation of Texas Transportation Code § 545.062(b) –
> Following Distance;
>
> h.      in failing to control speed, in violation of Texas Transportation Code § 545.351(a)
> – Maximum Speed Requirement;
>
> i.      in operating the vehicle at an unsafe speed, in violation of Texas Transportation
> Code § 545.351(b) – Maximum Speed Requirement; and
>
> j.      in permitting, placing, or negligently allowing an obstruction of the windshield, in
> violation of Texas Transportation Code § 547.613.

**5.2**   These acts and/or omissions constitute negligence, negligence per se and gross negligence

and proximately caused Plaintiff's injuries as alleged herein.

**B.     RESPONDEAT SUPERIOR/VICARIOUS LIABILITY**

**5.3**   Defendant **South Bay Transportation, Inc.** and **EJ Transport**, jointly and severally, is

liable under the doctrine of respondeat superior in that **Luis Barrales Avalos** was operating the

commercial motor vehicle while in the course and scope of his employment with both **South Bay**

**Transportation, Inc.** and **EJ Transport**.  Additionally, both **South Bay Transportation, Inc.**

and **EJ Transport** are also negligent in one or more of the following respects:

> a.      negligent hiring;
> b.      negligent entrustment;
> c.      negligent driver qualifications;
> d.      negligent training and supervision;
> e.      negligent retention;
> f.      negligent management;
> g.      negligent contracting; and
> h.      negligent maintenance.

**C.     GROSS NEGLIGENCE**

**5.4**   Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence.

Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and

magnitude of the potential harm to Plaintiffs.  Defendants had actual, subjective awareness of the

risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

**5.5**      Each of these acts and/or omissions of each of the Defendants, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

**D.      BREACH OF CONTRACT**

**5.6**      **AIG Property Casualty Company** breached the insurance contract with Draco Oilfield Services, LLC, by failing to provide coverage to  an intended, covered beneficiary, resulting in damages to the Plaintiff.

**E.      UNFAIR INSURANCE PRACTICES**

**5.7**      Defendant **AIG Property Casualty Company** is guilty of unfair insurance practices in violation of ARTICLE 21.21, § 16 and CHAPTER 541 of the TEXAS INSURANCE CODE, and the statutes, rules, and regulations incorporated by the provision.  These unfair practices are producing causes of Plaintiff's actual damages.

**F.      BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

**5.8**      Defendant **AIG Property Casualty Company** has breached its duty of good faith and fair dealing by denying Plaintiff's underinsured motorist claim without any reasonable basis and by failing to conduct a reasonable investigation of Plaintiff's claims and failing to effectuate prompt resolution of Plaintiff's claim.  Defendant **AIG Property Casualty Company's** breach is a producing and proximate cause of Plaintiff's actual damages.

### G.   VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

**5.9**   Defendant **AIG Property Casualty Company** is liable because their actions constitute violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"). Specifically, Defendants violated the DTPA in one or more of the following aspects:

   a.   Representing that the goods or services have characteristics or benefits that they do not have, in violation of TEX. BUS. & COMM. CODE § 17.56(b)(5);

   b.   Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, when they are not, in violation of TEX. BUS. & COMM. CODE §17.46(b)(7);

   c.   Representing that an agreement confers rights or involves rights, remedies, or obligations that it does not, or that are prohibited by law, in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

   d.   Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed, in violation of TEX. BUS. & COMM. CODE § 17.46(b)(23); and

   e.   Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree, in violation of TEX. BUS. & COMM. CODE § 17.50 (a)(3).

### H.   FRAUD

**5.10**   Defendant, **AIG Property Casualty Company,** committed fraud against Plaintiff in that they made false misrepresentations regarding the coverage which Draco Oilfield Services, LLC, was paying premiums for. In this regard, Plaintiff did not receive coverage for which premiums were paid.

### I.   STATUTORY DAMAGES AND PENALTIES

**5.11**   **AIG Property Casualty Company** acted with conscious indifference to the rights of the Plaintiff in breaching the duty of good faith and fair dealing; therefore, **AIG Property Casualty**

**Company** is liable for exemplary damages.

**5.12** Defendant **AIG Property Casualty Company's** conduct was committed knowingly. Accordingly, Defendant is liable for additional damages as authorized by TEXAS. INS. CODE CHAPTER 540 and TEX. BUS. & COMM. CODE § 17.50 (b)(1). Plaintiff is also entitled to an additional two times the first $1,000 in actual damages, as provided by TEX. BUS. & COMM. CODE § 17.50 (b)(1).

**5.13** Additionally, Plaintiff is also entitled to the twelve percent (12%) penalty allowed by TEX. INS. CODE CHAPTER 542 based on Defendant's unfair refusal to pay the claim.

**5.14** Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiff is entitled to recover from Defendant, **AIG Property Casualty Company**, the additional sum of eighteen percent (18%) per year of the amount payable under the policy as penalty, together with a reasonable sum for the necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals of the Supreme Court of Texas. Additionally, Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 (8); TEX. INS. CODE ARTICLE 21.21, § 16; TEX. BUS. AND COMM. CODE § 17.50; and TEX. INS. CODE ARTICLE 3.62-1.

## VI.

## DAMAGES

**6.1** Defendants' acts have been producing and proximate causes of damages to Plaintiff within the jurisdictional limits of this Court.

**6.2** As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff has suffered severe bodily injuries to his neck, lower back, knee, and other

parts of his body generally.  His entire body was bruised, battered and contused and he suffered great shock to his entire nervous system.  The injuries are permanent in nature.  The injuries have had a serious effect on the Plaintiff's health and well-being.

**6.3**     Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for his entire life.  These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in to the future, if not for the balance of his natural life.

**6.4**     As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

**6.5**     As a further result of all of the above, Plaintiff **Rudy Mota** has incurred expenses for medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

**6.6**     As a further result of the injuries sustained by Plaintiff **Rudy Mota**, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

**6.7**     By reason of all of the above, Plaintiff **Rudy Mota** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now files suit.

**6.8**     As a consequence of the injuries sustained by **Rudy Mota**, he has sustained physical impairment and disfigurement.  In all reasonable probability, this disability will cause him to suffer

long into the future, if not for the balance of his natural life, all to the damage in an amount that is within the jurisdictional limits of this Court for which he now sues.

**6.9**    As a further consequence of the injuries sustained by **Rudy Mota**, he has suffered loss of wages, and due further to his injuries, has experienced a loss of future wage-earning capacity.

## VII.

## INTEREST

**7.1**    Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## VIII.

## REQUEST FOR JURY TRIAL

**8.1**    Plaintiff **Rudy Mota** demands a trial by jury.    Plaintiff acknowledges payment of the required jury fee.

## IX.

## REQUEST FOR DISCLOSURE

**9.1**    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of Rule 194.2 of the Texas Rules of Civil Procedure.

## X.

## NOTICE OF AUTHENTICATION OF DOCUMENTS PURSUANT TO TRCP 193.7

**10.1**    Plaintiff hereby provides actual notice to Defendants that Plaintiff will use any or every document produced by each and every Defendant in response to written discovery, in a pretrial proceeding, or at trial. Pursuant to Rule 193.7, any Defendant's production of a document in response to written discovery authenticates the document for use against that Defendant or any

other Defendant, unless – within ten (10) days or a longer or shorter time ordered by the court –

Defendant objects to the authenticity of the document, or any part of it, stating the specific basis

for its objection. An objection must be either on the record or in writing and must have a good

faith factual and legal basis. An objection made to the authenticity of only part of a document does

not affect the authenticity of the remainder.

## XI.

## CONDITIONS PRECEDENT

**11.1**   Pursuant to TEXAS R. OF CIV. P. 54, Plaintiff states that all conditions precedent to suit

have been performed or have occurred, and that every notice required by law to be given has

been properly and timely provided.

## XII.

## PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

**12.1**   Plaintiff hereby request and demand that Defendants preserve and maintain all evidence

pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the

damages resulting therefrom, including contracts, lists of donors, emails, minutes of meetings,

memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes,

audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar

entries, log books, or information related to the reference claim.  Failure to maintain such items

shall constitute a "spoliation" of the evidence.


**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendants be cited

to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants,

jointly and severally, in an amount within the jurisdictional limits of this Court, together with all

pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and

further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited

to:

1.  Pain and suffering in the past;
2.  Pain and suffering, that in all likelihood, will be experienced in the future;
3.  Mental anguish in the past;
4.  Mental anguish, that in all likelihood, will be experienced in the future;
5.  Past medical expenses;
6.  Future medical expenses, that in all likelihood, will be incurred in the future;
7.  Physical impairment in the past;
8.  Physical impairment, that in all likelihood, will be experienced in the future;
9.  Physical disfigurement in the past;
10. Physical disfigurement, that in all likelihood, will be experienced in the future;
11. Loss of past wages;
12. Loss of future wages, that in all likelihood, will be incurred in the future;
13. Loss of future wage-earning capacity;
14. Pre judgment interest;
15. Post judgment interest; and
16. Exemplary damages.

RESPECTFULLY SUBMITTED,

DeSOUZA LAW, PC
3201 CHERRY RIDGE, BLDG. A, SUITE 109
SAN ANTONIO, TX 78230
210/714-4215 – PHONE
210/496-0060 – FACSIMILE
JASON@JFDLAWFIRM.COM

BY:    /s/ JASON F. DeSOUZA
       JASON F. DeSOUZA
       STATE BAR NO.: 24073255

361-668-5732

09:07:26 a.m.   07-22-2015      7/26
E FILED 05/29/2015

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: 15-05-54657-CV      COURT *(FOR CLERK USE ONLY)*: ___79TH___

STYLED : **RODOLFO MOTA VS. LUIS BARRALES AVALOS, EJ DISTRIBUTION CORP. D/B/A EJ TRANSPORT, SOUTH BAY TRANSPORTATION, INC., AIG PROPERTY CASUALTY COMPANY**
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>DESOUZA LAW, PC<br>JASON F. DESOUZA<br><br>Address:<br>3201 Cherry Ridge, Ste. A-109<br><br>City/State/Zip:<br>San Antonio, Texas  78230<br><br>Signature:<br>/S/ JASON F. DESOUZA | Email:<br>Jason@jfdlawfirm.com<br><br>Telephone:<br>(210)714-4215<br><br>Fax:<br>(210)496-0060<br><br>State Bar No:<br>24073255 | Plaintiff(s)/Petitioner(s):<br><br>**RODOLFO MOTA**<br>Defendant(s)/Respondent(s):<br>**LUIS BARRALES AVALOS, EJ DISTRIBUTION CORP. D/B/A EJ TRANSPORT, SOUTH BAY TRANSPORTATION, INC., AIG PROPERTY CASUALTY COMPANY**<br>[Attach additional page as necessary to list all parties] | Attorney for Plaintiff/Petitioner<br>Pro Se Plaintiff/Petitioner<br>Title IV-D Agency<br>Other:<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>  Consumer/DTPA<br>  Debt/Contract<br>  Fraud/Misrepresentation<br>  Other Debt/Contract:<br><br>*Foreclosure*<br>  Home Equity—Expedited<br>  Other Foreclosure<br>Franchise<br>Insurance<br>Landlord/Tenant<br>Non-Competition<br>Partnership<br>Other Contract: | Assault/Battery<br>Construction<br>Defamation<br>*Malpractice*<br>  Accounting<br>  Legal<br>  Medical<br>  Other Professional<br>    Liability:<br><br>**X** Motor Vehicle Accident<br>Premises<br>*Product Liability*<br>  Asbestos/Silica<br>  Other Product Liability<br>  List Product:<br><br>Other Injury or Damage: | Eminent Domain/<br>  Condemnation<br>Partition<br>Quiet Title<br>Trespass to Try Title<br>Other Property:<br><br>**Related to Criminal Matters**<br>Expunction<br>Judgment Nisi<br>Non-Disclosure<br>Seizure/Forfeiture<br>Writ of Habeas Corpus—<br>  Pre-Indictment<br>Other: | Annulment<br>Declare Marriage Void<br>*Divorce*<br>  With Children<br>  No Children<br><br><br><br>**Other Family Law**<br>Enforce Foreign<br>  Judgment<br>Habeas Corpus<br>Name Change<br>Protective Order<br>Removal of Disabilities<br>  of Minority<br>Other: | Enforcement<br>Modification—Custody<br>Modification—Other<br><br>**Title IV-D**<br>Enforcement/Modification<br>Paternity<br>Reciprocals (UIFSA)<br>Support Order<br><br>**Parent-Child Relationship**<br>Adoption/Adoption with<br>  Termination<br>Child Protection<br>Child Support<br>Custody or Visitation<br>Gestational Parenting<br>Grandparent Access<br>Paternity/Parentage<br>Termination of Parental<br>  Rights<br>Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| Discrimination<br>Retaliation<br>Termination<br>Workers' Compensation<br>Other Employment: | Administrative Appeal<br>Antitrust/Unfair<br>  Competition<br>Code Violations<br>Foreign Judgment<br>Intellectual Property | Lawyer Discipline<br>Perpetuate Testimony<br>Securities/Stock<br>Tortious Interference<br>Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| Tax Appraisal<br>Tax Delinquency<br>Other Tax | *Probate/Wills/Intestate Administration*<br>  Dependent Administration<br>  Independent Administration<br>  Other Estate Proceedings | *Guardianship—Adult*<br>*Guardianship—Minor*<br>Mental Health<br>Other: | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| Appeal from Municipal or Justice Court<br>Arbitration-related<br>Attachment<br>Bill of Review<br>Certiorari<br>Class Action | Declaratory Judgment<br>Garnishment<br>Interpleader<br>License<br>Mandamus<br>Post-Judgment | Prejudgment Remedy<br>Protective Order<br>Receiver<br>Sequestration<br>Temporary Restraining Order/Injunction<br>Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

Less than $100,000, including damages of any kind, penalties, costs expenses, prejudgment interest, and attorney fees
Less than $100,000 and non monetary relief
Over $100,000 but not more than $200,000
Over $200,000 but not more than $1,000,000
**X** Over $1,000,000

RECEIVED TIME JUL. 22. 9:09AM

## CIVIL DOCKET

### CASE NO. 15-05-54657-CV

| Date | Mailed D. Default Judgment | Mailed D. Judgment Card | NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION AND PARTY DEMANDING JURY | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | MO. | DAY | YEAR |
| | | | 15-05-54657-CV | RODOLFO MOTA | JASON F. DESOUZA | 1. AUTO/PI | 29-May-15 | | |
| | | | | vs. | Ptf. | | Jury Fee | | |
| | | | | LUIS BARRALES AVALOS, EJ DISTRIBUTION CORP. D/B/A EJ TRANSPORT, | | | Paid by | | |
| | | | | SOUTH BAY TRANSPORTATION, INC., AIG PROPERTY CASUALTY COMPANY | Deft. | | Jury No. | | |
| | | FEE BOOK VOL.\|PAGE | | | ORDERS OF COURT | | MINUTE BOOK VOL.\|PAGE | | PROCESS |
| | | DATE OF ORDERS | | | | | | | |
| | | MO.\|DAY\|YEAR | | | | | | | |

07-22-2015   09:06:58 a.m.   4 /26



**EXHIBIT**

A-6

361-668-5732

CAUSE NO.  15-05-54657-CV

RODOLFO MOTA
VS.
LUIS DABRALESS AVALOS, EJ DISTRIBUTION CORP, D/B/A EJ TRANSPORT,
SOUTH BAY TRANSPORTATION, INC, AIG PROPERTY CASUALTY COMPANY

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK VOL. PAGE | | PROCESS |
|---|---|---|---|---|---|---|
| MO. | DAY | YEAR | | | | |
| | | | | | | |

5 / 26            07-22-2015       09:07:06 a.m.

361-668-5732

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RODOLFO MOTA                          §
                                      §
v.                                    §
                                      §    C.A. 2:15-cv-00310
LUIS BARRALES AVALOS, EJ              §
DISTRIBUTION CORP. D/B/A EJ           §
TRANSPORT, SOUTH BAY                  §
TRANSPORTATION, INC., AND AIG         §
PROPERTY CASUALTY COMPANY             §

## LIST OF ALL COUNSEL OF RECORD

**ATTORNEY FOR PLAINTIFF:**
Jason F. DeSouza
DeSouza Law, P.C.
State Bar No. 24073255
3201 Cherry Ridge, Bldg. A, Suite 109
San Antonio, TX  78230
Tele: (210) 714-4215
Fax: (210) 496-0060
Email: Jason@jfdlawfirm.com


**ATTORNEY FOR DEFENDANTS**
**LUIS RAUL BARRALES-AVALOS**
**AND SOUTH BAY TRANSPORTATION, INC.:**
Timothy D. McMurtrie
State Bar No. 13813900
Federal ID No. 11806
Frost Bank Plaza
802 North Carancahua, Suite 1300
Corpus Christi, Texas 78401-0021
Telephone:  (361) 884-8808
Facsimile:  (361) 884-7261
Email: tim.mcmurtrie@roystonlaw.com



EXHIBIT
A-7